UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RUBEN RIVERA                                                                                              PLAINTIFF
#45919

V.                            No. 3:20CV00274-DPM-JTR

KEITH BOWERS, Administrator,
Craighead County Detention Center                                                        DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Ruben Rivera ("Rivera"), a pretrial detainee in the Craighead County Detention Center ("CCDC"), has filed a *pro se* § 1983 Complaint and Amended Complaint seeking damages from Defendant CCDC Administrator Keith Bowers

("Bowers"). *Docs. 2 & 9*.[1] Before Rivera may proceed with this action, the Court must screen his claims.[2]

## II. Screening

The Prison Litigation Reform Act requires the Court to screen prisoner pleadings, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). To

---

[1] The Court has read Rivera's *pro se* Complaint and Amended Complaint, together, as constituting his claims. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (pro se complaint must be "liberally construed" and "pro se litigants are held to a lesser pleading standard than other parties"); *Kiir v. N.D. Pub. Health,* 651 F. App'x 567, 568 (8th Cir. 2016) (amendment "intended to supplement, rather than to supplant, the original complaint," should be read together with original complaint).

[2] On September 10, 2020, Rivera filed a conclusory one-paragraph Complaint that alleged the following:

> Keith Bowers was negligent in his duties. I contracted Covid-19 due to this negligence. I had to suffer as well as my family. The guards didn't wear the proper PPE nor did they quarantine properly. That resulted in me catching this virus. They did not follow CDC guidelines.

*Doc. 2 at 4.* Although Rivera sued Bowers only in his official capacity, he sought $100,000 in monetary damages for the "mental anguish" he and his family suffered. *Id. at 2 & 5.*

After screening Rivera's Complaint, I concluded that it, at most, asserted a vague negligence claim against Bowers, with no supporting facts or allegations that might support this Court exercising federal jurisdiction over this action. Accordingly, on September 17, 2020, I recommended that Rivera's Complaint be dismissed, without prejudice, because it failed to state a cognizable claim for relief under the laws of the United States. *Doc. 4.*

Rivera did *not* file objections to the Recommended Disposition. Instead, on September 24, 2020, he filed a *new* Complaint, which was filed as a separate § 1983 action. *Doc. 5; see Rivera v. Bowers,* No. 3:20cv293-JM-JTR. On October 6, 2020, the Court construed the new Complaint as a Motion to Amend in this case. *Docs. 5 & 6.* On October 7, 2020, Chief United States District Judge D.P. Marshall Jr. entered an Order that: (1) granted Rivera's Motion to Amend; (2) declined the September 17, 2020 Recommended Disposition as moot; and (3) returned the case to me for screening of Rivera's Amended Complaint. *Doc. 7.*

2

survive the screening process, a "complaint must contain sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal,* 556 U.S. at 678. Finally, a plaintiff must plead facts showing how *each defendant* was *personally involved* in the alleged constitutional wrongdoing. *Id.* at 676.

In Rivera's pleadings, he now alleges that he tested positive for the Covid-19 virus on August 17, 2020 and subsequently became "very ill." *Doc. 9 at 3*. Bowers allegedly failed to follow "proper quarantine procedures" and did not make any of his officers wear PPE until August 19. Up until that date, Rivera alleges officers in CCDC wore only bandanas, *not* N95 masks. He also alleges that, from May 20 to August 16, 2020, the CCDC "medical staff" did not do any vitals, temperature, or symptom checks in the quarantine pod. *Id. at 3-4*. Finally, Rivera alleges that Bowers "did not do his job" as jail administrator, and that his "*negligence*" resulted in Rivera becoming "very ill with a life-threatening virus." *Id. at 4*. He again names Bowers in his official capacity only, and seeks $100,000 in damages for "mental anguish." *Id. at 2 & 6.*

In both his Complaint and Amended Complaint, Rivera's *only claim* is that: (1) Bowers was "*negligent in his duties*" as jail administrator; and (2) as a result of this "*negligence,*" Rivera became infected with Covid-19. It is well settled that, to state a cognizable claim under § 1983, Rivera must allege facts showing that Bowers deprived him of a right secured by the United States Constitution or laws of the United States. 42 U.S.C. § 1983; *see West v. Atkins*, 487 U.S. 42, 48 (1988). Rather than doing so, Rivera's amended pleadings continue to assert *only a negligence claim* against Bowers.

Negligence, even gross negligence, is insufficient to establish liability under the Constitution. *Farmer v. Brennan*, 511 U.S. 825, 835, 838 (1994) (an "official's failure to alleviate a significant risk that he should have perceived but did not ... cannot under our cases be condemned as the infliction of punishment" under the Eighth Amendment); *Daniels v. Williams*, 474 U.S. 327, 328, 332-33 (1986) ("[t]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property," and its protections are not "triggered by lack of due care by prison officials" or "merely because the defendant is a state official"); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (holding that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process").

Thus, taking all of the allegations in Rivera's Complaint and Amended Complaint as being true and viewing those allegations in a light most favorable to him, Rivera has failed to state a viable claim for relief under § 1983. Accordingly, this action should be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(a) & (b).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Rivera's Complaint and Amended Complaint (*Docs. 2 & 9*) be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. The dismissal of this case be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 28TH day of December, 2020.

_____
UNITED STATES MAGISTRATE JUDGE